UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEY KURT HAIRSTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WASCO STATE PRISON,<br><br>　　　　Respondent. | Case No. 1:14-cv-00774-LJO-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR PETITIONER'S FAILURE TO FOLLOW AN ORDER OF THE COURT, DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS** |

　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.

　　　Pending before the Court are the petition, which was filed on April 11, 2014, and transferred to this division on May 21, 2014, as well as three orders of the Court that issued to Petitioner and directed him to inform the Court within thirty days of his decision to consent to, or to decline to consent to, the jurisdiction of a Magistrate Judge in the present case.  The notices were served by mail on Petitioner at his address as listed in the docket on April

1

14, 2014 (doc. 2-1, 1), May 21, 2014 (doc. 4-1, 1) and June 11, 2014 (doc. 6, 1). Petitioner has repeatedly failed to comply with the Court's several orders to inform the Court of his decision regarding consent.

### I. Dismissal of the Petition

Local Rule 110 provides:

> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In the instant case, Petitioner has repeatedly failed to respond to the Court's orders regarding consent for a period of well

2

over three months.

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, because the petition has been pending for a lengthy period, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the Court has reviewed the "consideration of alternatives" requirement. See, Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. Because Petitioner does not respond to the Court's orders, the Court has no viable alternative to dismissal.

In accordance with the foregoing analysis, the Court concludes that dismissal is appropriate.

II. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the

applicant need not show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

III.  <u>Recommendations</u>

Accordingly, it is RECOMMENDED that:

1) The petition be DISMISSED without prejudice for Petitioner's failure to follow the order of the Court and failure to prosecute the action; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action because an order of dismissal would terminate the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review

the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 11, 2014**        /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE